## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

UNITED CAPITAL FUNDING GROUP, LLC,
a wholly owned subsidiary of GULF COAST
BANK & TRUST COMPANY,

        Plaintiff,

v.

306 MLK BLVD URBAN RENEWAL
COMPANY LLC, MICHAEL DE BLASIO,
individually, and EG MUNOZ
CONSTRUCTION LLC D/B/A EGM
BUILDERS, LLC, a nominal Party,

        Defendants.

_____/

Civil Action No.

## <u>COMPLAINT</u>

United Capital Funding Group, LLC, a Louisiana limited liability company, a wholly owned subsidiary of Gulf Coast Bank and Trust Company ("United Capital"), by and through the undersigned counsel, hereby files this Complaint and sues Defendants 306 MLK Blvd Urban Renewal Company LLC ("306 MLK"), a New Jersey limited liability company and Michael De Blasio, individually ("De Blasio"), and nominal party[1] EG Munoz Construction LLC d/b/a EGM Builders, LLC ("EG Munoz"), a New Jersey limited liability company, and in support thereof states:

---

[1] EG Munoz Construction LLC d/b/a EGM Builders, LLC is being named as a party in this action solely for the sole purpose of providing notice of the commencement of this action.

## PARTY ALLEGATIONS

1.      United Capital is a Louisiana limited liability company, a wholly owned subsidiary of Gulf Coast Bank and Trust Company ("United Capital"), with its principal place of business located in Florida.

2.      306 MLK, is a New Jersey limited liability company, with its principal place of business in New Jersey.

3.      De Blasio is an individual over the age of 18 years and is *sui juris*.

4.      EG Munoz, is a New Jersey limited liability company, with its principal place of business in New Jersey.

## ALLEGATIONS APPLICABLE TO JURISDICTION AND VENUE

5.      This Court has original subject matter jurisdiction over the claims in this matter, pursuant to 28 U.S.C. § 1332(a). United Capital is a citizen of the State of Louisiana due to it having been formed as a Louisiana limited liability company, having its principal place of business in Florida. United Capital's sole member is Gulf Coast Bank & Trust Company, a Louisiana corporation, having its principal place of business in Louisiana.

6.      306 MLK is a citizen of the State of New Jersey due to it having been formed as a New Jersey limited liability company and having its principal place of business in New Jersey. 306 MLK's managing member is a citizen of the State of New York.

7.      De Blasio is a citizen of the State of New Jersey.

8.      EG Munoz, is a citizen of the New Jersey due to it having been formed as a New Jersey limited liability company, having its principal place of business in New Jersey.  EG Munoz's member(s) is not a citizen of the State of Louisiana.

9.     The amount in controversy, without interest and costs, exceeds the sum or value specified by 28 U.S.C. § 1332(a).

10.     Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over all claims that are so related to the claims in the action within its original jurisdiction that they form part of the same case or controversy.

11.     Venue is proper in this Court pursuant to either 28 U.S.C. § 1391(b)(1) in that this action is filed in a judicial district in which the defendant resides, and/or § 1391(b)(2) in that this action is filed in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred or a substantial part of property that is the subject of the action is situated.

## ALLEGATIONS APPLICABLE TO CONDITIONS PRECEDENT

12.     All conditions precedent to the bringing of this action have been performed, excused, and/or waived.

## ALLEGATIONS COMMON TO ALL COUNTS

### A.   The Parties; and the Factoring Relationship between United Capital and EG Munoz.

13.     United Capital is in the factoring business, which business involves, *inter alia*, the purchasing of accounts ("**Accounts**")[2] from businesses ("**Factoring Clients**") with whom it has formed a contractual relationship, the terms of which are generally wholly or partially contained in invoices. Within the factoring industry, the entity that purchases Accounts is commonly referred to as the "Factor" or "Purchaser" of Accounts, in this case United Capital. The entity from whom the Accounts are purchased is commonly referred to as the "Factoring Client" or "Seller," in this

---

[2] The term 'Accounts' is intended to have the meaning given to this term by the UCC, as adopted throughout the United States. A typical uniform definition may be found in New Jersey's version of the UCC, and the term means "a right to payment of a monetary obligation, whether or not earned by performance, (i) for property that has been or is to be sold…, (ii) for services rendered." N.J. Stat. § 12A:9-102 (a)(2).

case EG Munoz. The Factoring Client's customer for whom the Seller has performed service(s) or sold good(s) and to whom an invoice is ordinarily issued to evidence the terms of sale and request payment is commonly referred to as the "Customer" or "Account Debtor,"[3] in this case 306 MLK.

14.     On or about November 13, 2019, EG Munoz entered into a written agreement with United Capital titled "Factoring and Security Agreement" (the "**Factoring Agreement**"). A true and correct copy of the Factoring Agreement, but for any terms or provisions which are deemed confidential, and which have accordingly been removed or redacted, is attached hereto as **Exhibit A**.

15.     Pursuant to the Factoring Agreement, EG Munoz contractually offered to sell  to United Capital Accounts arising from EG Munoz's sale of goods or services performed (i.e., the **Construction Services** as more specifically identified below) provided to its customers, including 306 MLK. *See* **Exhibit A**, § 2.

16.     EG Munoz is a construction company that provides general contracting and subcontracting services and construction work, including renovations and building alterations for customers.

17.     306 MLK contracted with EG Munoz to obtain from EG Munoz general contracting construction services, supplies and/or labor ("**Construction Services**") for one or more projects named or referred to as Redevelopment of 306 MLK  BLVD/Adaptive Reuse of Former St. Michaels Hospital located at 306 Dr. Martin Luther King Jr. Boulevard Newark, New Jersey 07102 assigned Project No. EGM19-0028 and Project No. EGM19-0052 (the "**Projects**").

---

[3] The term 'Account Debtor' is intended to have the meaning given to this term by the UCC, as adopted throughout the United States. A typical uniform definition may be found in New Jersey's version of the UCC and the term means "a person obligated on an account." N.J. Stat. § 12A:9-102 (a)(3).

18.     United Capital, in connection with the Factoring Agreement, purchased Accounts from EG Munoz that it elected to purchase in connection therewith, including all of EG Munoz's rights, title to and interest in and in respect to all Accounts purchased, including the right to receive payment from 306 MLK (the "**Purchased Accounts**"), and in exchange, United Capital made purchase price payments to EG Munoz.

19.     In addition, in order to secure all of EG Munoz's Obligations[4] owing to United Capital under the Factoring Agreement, EG Munoz granted to United Capital a first priority security interest in various assets of EG Munoz identified in the Factoring Agreement as collateral, which collateral included, among other things, all of EG Munoz's Accounts, together with other assets and all Proceeds[5] thereof (collectively, the "**Collateral**"). *See* **Exhibit A**, §§ 1.13.

20.     United Capital's security interest attached to the collateral pursuant to and in accordance with uniform Commercial Code Section 9-203.

21.     On October 25, 2017, United Capital duly perfected its first priority ownership interest in the Purchased Accounts and its first priority security interest in all Collateral, including all Accounts, by causing the filing of a UCC-1 Financing Statement to be filed with the State of New Jersey Department of the Treasury, Division of Revenue & Enterprise Services UCC

---

[4] The term "Obligations" is defined in Section 1.41 of the Factoring Agreement and means, *inter alia*, "all present and future obligations owing by EG Munoz to United Capital..."

[5] The term 'proceeds' is intended to have the meaning given to this term by the UCC, as adopted throughout the United States. A typical uniform definition may be found in New Jersey's version of the UCC, and the term means "except as used in Section 9-609(b), means the following property: (A) whatever is acquired upon the sale, lease, license, exchange, or other disposition of collateral; (B) whatever is collected on, or distributed on account of, collateral; (C) rights arising out of collateral; (D) to the extent of the value of collateral, claims arising out of the loss, nonconformity, or interference with the use of, defects or infringement of rights in, or damage to, the collateral; or (E) to the extent of the value of collateral and to the extent payable to the debtor or the secured party, insurance payable by reason of the loss or nonconformity of, defects or infringement of rights in, or damage to, the collateral." N.J. Stat. § 12A:9-102 (a)(64).

Section,[6] which was assigned filing number 52473021. A true and correct copy of the UCC-1

Financing Statement is attached hereto as **Exhibit B**.

22.    Until all of the Obligations under the Factoring Agreement have been paid in full,

**whether or not EG Munoz is in default under the Factoring Agreement**, EG Munoz expressly

and irrevocably granted a power of attorney to United Capital to exercise the authority to do each

of the following:

> 10.1.1 Receive, take, endorse, assign, deliver, accept and deposit, in the name of
> Purchaser [United Capital] or Seller [EG Munoz], proceeds of any Collateral;
>
> 10.1.2 Take or bring, in the name of Purchaser or Seller, all steps, actions, suits or
> proceedings deemed by Purchaser necessary or desirable to effect collection of or
> other realization upon Purchaser's Accounts;
>
> *      *      *
>
> 10.4 In coordination with Seller, notify any Payor [here, 306 MLK] obligated
> with respect to any Account, that the underlying Account has been assigned to
> Purchaser by Seller and that payment thereof is to be made to the order of and
> directly and solely to Purchaser;
>
> 10.5 In coordination with Seller, communicate directly with Seller's Payors [here,
> 306 MLK] to verify the amount and validity of any Account created by Seller.

23.    In addition to the rights and powers granted to United Capital in section 10.1

through 10.5 in the Factoring Agreement, after an Event of Default, United Capital is also

authorized to do each of the following:

> 10.6.2.1 In its own name or on behalf of Seller, extend the time of payment of,
> compromise or settle for cash, credit, return of merchandise, and upon any terms or
> conditions (collectively, a "Settlement"), any and all Accounts and discharge or
> release any Account Debtor or other obligor (including filing of any public record

---

[6] The UCC requires a UCC Financing Statement to be recorded in the state in which the registered organization is formed. *See* UCC §§ 9-307, 9-501. Since EG Munoz is a corporation organized under the laws of the State of New Jersey, New Jersey is the proper jurisdiction for perfection filing. The UCC, as adopted in New Jersey, requires the filing of a UCC Financing Statement to be done in "The Division of Commercial Recording or other office designated by Executive Order." N.J. Stat. § 12A:9-501(B)(2). Pursuant to N.J. Admin. Code § 17:33-2.1 "UCC filings relating to all types of collateral shall be submitted to the DORES, except when the collateral is timber to be cut, as-extracted collateral, or when the filing relates to fixtures or goods that are or are to become fixtures. Regardless of the nature of the collateral, where the debtor is a transmitting utility, the place for filing is the DORES."

releasing any lien granted to Seller by such Account Debtor), without affecting any of the Obligations;

*    *    *

10.10 Perform Accounts collection services on Seller's behalf, which services may include, but are not limited to, (1) communicating with Account Debtors, (2) reviewing public records and credit reports, and (3) the bringing (in Purchaser's or Seller's name at Seller's sole expense), actions deemed appropriate by Purchaser to effect collection of Seller's Accounts ("Collection Services"). Upon such request, or immediately after the occurrence of an Event of Default, Seller shall be deemed to have authorized Purchaser to perform Collection Services.

24. As owner of the Purchased Accounts and in respect to those non-Purchased Accounts in which United Capital holds a duly perfected first priority security interest, United Capital was contractually entitled to exercise total dominion and control over all amounts paid as proceeds of the Purchased Accounts and non-Purchased Accounts.

25. Pursuant to the Factoring Agreement, EG Munoz, *inter alia*, covenanted to United Capital that "[b]efore sending any Invoice to an Account Debtor, Seller shall mark same with such notice of assignment as Purchaser may require."

26. The Factoring Agreement establishes United Capital's right to dominion and control over all payment made and/or proceeds received by EG Munoz on account of any Purchased Accounts, and after an event of default, any non-Purchased Accounts.

27. Section 12.7 in the Factoring Agreement reads as follows:

Seller [EG Munoz] shall pay to Purchaser [United Capital] on the next banking day following the date of receipt by Seller [EG Munoz] the amount of:

12.7.1 Any payment on account of a Purchased Account.

12.7.2 After the occurrence of an Event of Default, any payment on account of any Account. (i.e., all non-Purchased Accounts).

(underlining added).

28. Moreover, prior to an event of default, an express trust relationship was established which required EG Munoz, as settlor and trustee, to place all proceeds of Accounts received by

EG Munoz "in trust for Purchaser [United Capital]" as the sole beneficiary, none of which proceeds were to "be commingled with any funds of" EG Munoz. *See* **Exhibit A**, §§ 12.8.

**B. The Construction Agreement between 306 MLK and EG Munoz in Respect to Which EG Munoz provided Construction Services and issued Invoices to 306 MLK, the Right to Receive Payment of Which Invoices is Assigned and Payable to United Capital by 306 MLK.**

29.     EG Munoz (as contractor) and 306 MLK (as owner) entered into the following agreements in connection the Construction services for the Projects: (a) a Standard Form of Agreement Between Owner and Contractor where the basis of payment is a Stipulated Sum dated February 25, 2019 under which 306 MLK contracted EG Munoz to provide the general contracting Construction Services for the Project No. EGM19-0028, and (b) AIA Document A101-2017 Standard Form of Agreement Between Owner and Contractor where the basis of payment is a Stipulated Sum dated May 24, 2019 under which 306 MLK contracted EG Munoz to provide the general contracting Construction Services for the Project No. EGM19-0052 (collectively, the "**306 MLK Agreements**").

30.     EG Munoz performed Construction Services for 306 MLK in accordance with the 306 MLK Agreements.

31.     In connection with each Purchased Account offered for sale to United Capital by EG Munoz, which arose from the Construction Services provided to 306 MLK by EG Munoz, EG Munoz was required to submit to United Capital the following documentation:

a.  A Schedule(s) of Accounts completed by EG Munoz, containing certain information in respect to invoices EG Munoz offered for sale to United Capital (the "**Schedule of Accounts**"),

b.  A Sworn Statement executed by EG Munoz's principal, Mr. Michael Espinosa, requiring EG Munoz to disclose information in respect to any subcontractors

and service providers  that EG Munoz contracted to provide, and provided materials or labor for the Project, the amounts due by EG Munoz and the amount paid by EG Munoz,

c.  An Invoice issued by EG Munoz to 306 MLK,

d.  A Document Summary Sheet executed by EG Munoz's principal, Mr. Michael Espinosa, detailing EG Munoz's application for payment of amounts due from 306 MLK for Construction Services provided by EG Munoz, and

e.  Document Detail Sheet describing the work performed by EG Munoz in connection with the invoice issued to 306 MLK for payment.

(the "**Invoice Documentation**").

32.    In accordance with the Factoring Agreement, EG Munoz offered for sale and United Capital purchased the following Purchased Accounts which remain unpaid by 306 MLK to United Capital, as evidenced by Invoice Documentation issued to 306 MLK for the Construction Services provided by EG Munoz to 306 MLK:

| **Invoice Number** | **Invoice Amount** | **Invoice Date** |
|---|---|---|
| 19-0052-16R | $595,940.60 | 9/24/2020 |
| 19-0052-17R | $375,359.74 | 10/16/2020 |
| 19-0052-18R | $753,214.20 | 10/30/2020 |
|  | Total Invoice Amount Due: | $1,724,514.54 |

(the "**Matured and Unpaid Invoices**"). The Invoice Documentation related to the Matured and Unpaid Invoices 19-0052-17R and 19-0052-18R is attached hereto as **Exhibit C** and **Exhibit D,** respectively[7].

---

[7] United Capital has searched its factoring software system and is currently unable to locate the Invoice Documentation related to 19-0052-16R, which is the reason that the Invoice Documentation related to 19-0052-16R is not being attached to the Complaint.  United Capital believes that EG Munoz and/or 306 MLK will each have in

33. In accordance with the Factoring Agreement and as authorized by section 9-406 of the Uniform Commercial Code, each invoice issued by EG Munoz to the account debtor, 306 MLK, contained language that satisfied the requirements of 9-406 notifying 306 MLK that the Matured and Unpaid Invoices assigned to United Capital and are assigned and payable solely and exclusively to United Capital.

34. In addition to the notification of assignment language contained in the face of the Matured and Unpaid Invoices, United Capital issued a letter to 306 MLK dated March 14, 2019, addressed to 306 MLK's account payable department that reads as follows:

> Thanks to customers such as you, EG Munoz Construction LLC is experiencing tremendous growth. In order to accommodate this growth, EG Munoz Construction LLC has entered into an agreement with United Capital Funding Group, LLC to manage their accounts receivable, secure credit verification and provide a source of working capital. This will enable their staff to devote their time to better serving you. As part of the agreement, they have assigned their present and future accounts receivables to United Capital Funding Group, LLC. Payments should be made payable to United Capital Funding Group, LLC. Payment to any other party will not discharge this obligation. To facilitate this arrangement, all future payments should be sent to the following address:
>
> United Capital Funding Group, LLC
> PO Box 31246
> Tampa, Florida 33631-3246
>
> Should you wish to remit electronically, please use:
>
> First Horizon Bank
> United Capital Funding Group, LLC
> Acct: XXX-XXX-XXX
> ABA: XXX-XXX-XXX
>
> Please send your payments to the above address until United Capital Funding Group, LLC notifies you in writing. If you have any questions, please call United Capital Funding Group, LLC toll free at (877) 894-8232. We thank you for the opportunity to serve you. To assist us in applying payments, please fax a copy of this letter to us at (727) 898-4205 with your Federal Tax I.D. Number in this space:
> _____.

---

their possession a copy of the invoice numbered 19-0052-16R issued to MLK 306 by EG Munoz for payment to United Capital.

Sincerely,

Chris Youmans, President

35.     On March 18, 2019, United Capital's notice of assignment letter was delivered to

306 MLK via U.S. Postal Service certified Mail Receipt. A true and correct copy of the letter is

attached hereto as **Exhibit E**.

36.     The terms of sale of Construction Services between EG Munoz and 306 MLK

provide that payments will be due upon 306 MLK's receipt of an invoice issued by EG Munoz.

37.     Each of the Matured and Unpaid Invoices have matured.

38.     United Capital has not received payments of any of the sums due on the Matured

and Unpaid Invoices.

39.     Article 9 of the Uniform Commercial Code, §9-406(a), as adopted in New Jersey

as N.J.S.A. 12A:9-406, states as follows:

> **§ 9.406. Discharge of Account Debtor; Notification of Assignment;**
> **Identification and Proof of Assignment; Restrictions on Assignment of**
> **Accounts, Chattel Paper, Payment Intangibles, and Promissory Notes**
> **Ineffective**
>
> (a)…an account debtor [here, 306 MLK] on an account, chattel paper, or a payment
> intangible may discharge its obligation by paying the assignor [here, EG Munoz]
> until, but not after, the account debtor [here, 306 MLK] receives a notification,
> authenticated by the assignor [here, EG Munoz] or the assignee [here, United
> Capital], that the amount due or to become due has been assigned and that payment
> is to be made to the assignee [here, United Capital]. After receipt of the notification,
> the account debtor [here, 306 MLK] may discharge its obligation by paying the
> assignee [here, United Capital] and may not discharge the obligation by paying the
> assignor [here, EG Munoz].

40.     Due to 306 MLK's receipt of the assigned Matured and Unpaid Invoices and United

Capital's notice of assignment, and in accordance with UCC § 9-406, and applicable common law,

306 MLK could only discharge its obligation on the Matured and Unpaid Invoices by remitting the payment due to United Capital.

41.     United Capital issued one or more communications to 306 MLK requesting that 306 MLK remit payment to United Capital for all sums due on the Matured and Unpaid Invoices as reflected in the Invoice Documentation.

42.     However, despite United Capital's demand, 306 MLK has failed and/or refused to pay United Capital the amounts owing for the Construction Services as reflected in the Matured and Unpaid Invoices.

## COUNT I
**Breach of Obligation to Pay Sums Due on Accounts Assigned to United Capital, as Assignee of the Right to Receive Payment, and Non-Dischargeability of any Payments Wrongfully Paid by 306 MLK on the Matured an Unpaid Invoices and all other Amounts Due from 306 MLK on Open and Unpaid Outstanding Accounts**

United Capital, as the assignee of the right to receive payment, sues 306 MLK for Breach of Obligation to Pay Sums Due on Accounts Assigned to United Capital as assignee of the Right to Receive Payment and Non-dischargeability of any Payments Wrongfully Paid by 306 MLK on the Matured and Unpaid Invoices and All Other Amounts Due from 306 MLK on Open Unpaid and Outstanding Accounts that United Capital may be unaware of, as grounds therefore states as follows:

43.     United Capital realleges and readopts paragraphs 1 through 42 above as if fully realleged herein.

44.     Pursuant to 9-607 of the UCC, adopted in New Jersey as N.J. Stat. Ann. § 12A:9-607, United Capital, as assignee of the right to receive payment is entitled to stand in the shoes of EG Munoz in order to collect 306 MLK's obligations, as the account debtor under the 306 MLK Agreements.

45.     N.J. Stat. Ann. § 12A:9-607, states, in relevant part:

(a) Collection and enforcement generally. **If so agreed, and in any event after default, a secured party** [here, United Capital]:

> (1) may notify an account debtor [here, 306 MLK] or other person obligated on collateral to make payment or otherwise render performance to or for the benefit of the secured party [here, United Capital];
>
> (2) may take any proceeds to which the secured party [here, United Capital] is entitled under 12A:9–315;
>
> (3) **may enforce the obligations of an account debtor [here, United Capital] or other person obligated on collateral and exercise the rights of the debtor [here, EG Munoz] with respect to the obligation of the account debtor [here, 306 MLK] or other person obligated on collateral to make payment or otherwise render performance to the debtor [here, EG Munoz],** and with respect to any property that secures the obligation of the account debtor [here, 306 MLK] or other person obligated on the collateral…

(bolding supplied).

46.     In accordance with the 306 MLK Agreements between 306 MLK and EG Munoz, EG Munoz materially and substantially fulfilled the Construction Services to 306 MLK, and in connection therewith, 306 MLK became obligated on all Accounts arising under the 306 MLK Agreements including, the Matured and Unpaid Invoices, that arose and were issued to 306 MLK by EG Munoz for payment for the Construction Services.

47.     306 MLK received the Matured and Unpaid Invoices.

48.     On or about September 24, 2020, 306 MLK received and approved the Matured and Unpaid Invoice numbered 19-0052-16R in the amount of $595,940.60 dated September 24, 2020, via electronic DocuSign signature of 306 MLK's Director of Multifamily and Commercial Development, Michael DeBlasio.

49.     On October 16, 2020, 306 MLK received and approved the Matured and Unpaid Invoice numbered 19-0052-17R in the amount of $375,359.74 dated October 16, 2020, via

electronic DocuSign signature of 306 MLK's Director of Multifamily and Commercial Development, Michael DeBlasio.

50.     On November 2, 2020, 306 MLK received and approved the Matured and Unpaid Invoice numbered 19-0052-18R in the amount of $753,214.20 dated October 30, 2020, via electronic DocuSign signature of 306 MLK's Director of Multifamily and Commercial Development, Michael DeBlasio.

51.     DeBlasio on the face of each of the Matured and Unpaid Invoices and based on the language contained therein executed, acknowledged, represented and confirmed to United Capital each of the following with respect to each Matured and Unpaid Invoices:

> All service that is being billed for is completed, correct and the amount due is approved for payment in full by 306 MLK Blvd. Urban Renewal, LLC. I also confirm that there are no disputes, claims of offset or any other matters that reduce our obligation to pay the full amount of the invoice to United Capital Funding Group, LLC.  Assigned and Payable to:
>
> United Capital Funding Group LLC PO Box 31246
> Tampa, FL 33631-3246

(the "**306 MLK Agreements not to Assert Defenses**").

52.     Under common law, the 306 MLK Agreements not to Assert Defenses constitutes a clear, unequivocal waiver by 306 MLK of any right to remit payment of the Matured and Unpaid Invoices to any person except for United Capital.

53.     Moreover, as a result of the 306 MLK Agreements not to Assert Defenses 306 MLK is estopped from asserting any defenses to payment of the Matured and Unpaid Invoices.

54.     306 MLK intentionally made the representations contained in the 306 MLK Agreements not to Assert Defenses to United Capital.

55.     The 306 MLK Agreements not to Assert Defenses induced reliance by United Capital, and as a result United Capital acted, or changed its position to United Capital's detriment

by having decided to purchase from EG Munoz the Matured and Unpaid Invoices and United Capital made purchase price advances to EG Munoz under the Factoring Agreement.

56.     Upon information and belief, after 306 MLK received the Matured and Unpaid Invoices and executed the 306 MLK Agreements not to Assert Defenses, 306 MLK remitted one or more payments on the Matured and Unpaid Invoices to, among other persons, EG Munoz instead of paying United Capital.

57.     Pursuant to New Jersey's version of UCC § 9-406(a) and § 9-607, and applicable common law, 306 MLK could only discharge its obligation on the Matured and Unpaid Invoices by paying United Capital, and payment to EG Munoz, or other person other than United Capital was ineffective to discharge the obligation as well as a material breach of the 306 MLK Agreements not to Assert Defenses.

58.     306 MLK is and remains liable to United Capital for all sums due on the Matured and Unpaid Invoices, and any unpaid and outstanding Accounts, or any other Account that during the discovery period United Capital learns that 306 MLK paid directly to EG Munoz in connection with EG Munoz's performance of the Construction Services under the 306 MLK Agreements.

59.     United Capital has suffered damages as a result of 306 MLK's failure to timely pay United Capital all sums due on the Matured and Unpaid Invoices.

60.     306 MLK owes United Capital the sum of not less than 1,724,514.54 on the Matured and Unpaid Invoices together with any other invoices issued by EG Munoz to 306 MLK on or after the date of delivery of the assignments to 306 MLK, for which payment was not made to United Capital, and that may be discovered through discovery in this case, plus prejudgment interest at the rate prescribed by law.

**WHEREFORE,** Plaintiff United Capital Funding, LLC demands judgment against Defendant 306 MLK Blvd Urban Renewal Company LLC in the amount of at least $1,724,514.54, plus any other amounts owing to EG Munoz, together with prejudgment interest, costs, and such other relief as this Court deems necessary and proper.

## COUNT II
### Account Stated and Non-Dischargeability
### of any Payments paid on Accounts Wrongfully Paid to EG Munoz

United Capital, as the assignee of the right to receive payment, sues 306 MLK for Account Stated and non-dischargeability of payments paid on Accounts wrongfully paid to EG Munoz as grounds therefore states as follows:

61.      United Capital realleges and readopts paragraphs 1 through 42 and 48 through 51, above as if fully realleged herein.

62.      306 MLK requested that EG Munoz provide it with the Construction Services on an open account that gave rise to indebtedness owed to EG Munoz as evidenced by the Matured and Unpaid Invoices.

63.      Pursuant to the 306 MLK Agreements, 306 MLK and EG Munoz entered into an express agreement that fixed the amount due, as evidenced by the Matured and Unpaid Invoices, in connection with Construction Services which amounts were assigned to United Capital, as the assignee of EG Munoz's right to receive payment for the Construction Services that EG Munoz provided to 306 MLK.

64.      On September 24, 2020, there was a striking of the balance due pertaining to the Matured and Unpaid Invoice numbered 19-0052-16R in the amount of $595,940.60 dated September 24, 2020, and pertaining to the 306 MLK Agreements not to Assert Defenses an admission of the correctness and/or assent to pay the balance due on the Matured and Unpaid

Invoice numbered 19-0052-16R and the failure to pay United Capital in whole, or in part, the Matured and Unpaid Invoice numbered 19-0052-16R in the amount of $595,940.60 dated September 24, 2020.

65.     On October 16, 2020, there was a striking of the balance due pertaining to the Matured and Unpaid Invoice numbered 19-0052-17R in the amount of $375,359.74 dated October 16, 2020, and pertaining to the 306 MLK Agreements not to Assert Defenses an admission of the correctness and/or assent to pay the balance due on the Matured and Unpaid Invoice numbered 19-0052-17R and the failure to pay United Capital in whole, or in part, the Matured and Unpaid Invoice numbered 19-0052-17R in the amount of 375,359.74 dated October 16, 2020.

66.     On November 2, 2020, there was a striking of the balance due pertaining to the Matured and Unpaid Invoice numbered 19-0052-18R in the amount of $753,214.20 dated October 30, 2020, and pertaining to the 306 MLK Agreements not to Assert Defenses an admission of the correctness and/or assent to pay the balance due on the Matured and Unpaid Invoice numbered 19-0052-18R and the failure to pay United Capital in whole, or in part, the Matured and Unpaid Invoice numbered 19-0052-18R in the amount of $753,214.20 dated October 30, 2020.

67.     306 MLK owes United Capital the sum of $1,724,514.54, plus prejudgment interest on the account stated as evidenced by the Matured and Unpaid Invoices.

**WHEREFORE,** Plaintiff United Capital Funding Group, LLC demands judgment against Defendant 306 MLK Blvd Urban Renewal Company LLC in the amount of $1,724,514.54, plus any other amounts owing due to EG Munoz's provision of Construction Services and for which an account stated arose, together with prejudgment interest, costs, and such other relief as this Court deems necessary and proper.

## COUNT III
### Breach of 306 MLK's Agreement not to Assert Defenses
### Against United Capital Enforceable Under Common Law

As authorized by Fed. R. Civ. P. 8(d)(2), in the alternative United Capital, as the assignee of the right to receive payment, sues 306 MLK under New Jersey common law of contracts for Breach of the 306 MLK Agreements not to Assert Defenses Against United Capital, and as grounds therefore states as follows:

68.     United Capital realleges and readopts paragraphs 1 through 42 above as if fully realleged herein.

69.     On or about September 24, 2020, 306 MLK received and approved the Matured and Unpaid Invoice numbered 19-0052-16R in the amount of $595,940.60 dated September 24, 2020, via electronic DocuSign signature of 306 MLK's Director of Multifamily and Commercial Development, Michael DeBlasio.

70.     On October 16, 2020, 306 MLK received and approved the Matured and Unpaid Invoice numbered 19-0052-17R in the amount of $375,359.74 dated October 16, 2020, via electronic DocuSign signature of 306 MLK's Director of Multifamily and Commercial Development, Michael DeBlasio.

71.     On November 2, 2020, 306 MLK received and approved the Matured and Unpaid Invoice numbered 19-0052-18R in the amount of $753,214.20 dated October 30, 2020, via electronic DocuSign signature of 306 MLK's Director of Multifamily and Commercial Development, Michael DeBlasio.

72.     DeBlasio on the face of each of the Matured and Unpaid Invoices and based on the language contained therein executed, acknowledged, represented and confirmed to United Capital each of the following with respect to each Matured and Unpaid Invoices:

All service that is being billed for is completed, correct and the amount due is approved for payment in full by 306 MLK Blvd. Urban Renewal, LLC. I also confirm that there are no disputes, claims of offset or any other matters that reduce our obligation to pay the full amount of the invoice to United Capital Funding Group, LLC.  Assigned and Payable to:

United Capital Funding Group LLC PO Box 31246
Tampa, FL 33631-3246

(the "**306 MLK Agreements not to Assert Defenses**").

73.      An agreement between an account debtor and assignee not to assert defenses is enforceable under New Jersey common law. See *Hunts Point Co-op. Mkt., Inc. v. Madison Fin. LLC*, 421 F. App'x 153, 162 (3d Cir. 2009).

74.      In consideration for 306 MLK's execution of the 306 MLK Agreements not to Assert Defenses, United Capital provided factoring facilities to EG Munoz so as to enable EG Munoz to provide Construction Services to 306 MLK that materially benefited 306 MLK due to the benefit of EG Munoz's Construction Services for the Project.

75.      The 306 MLK Agreements not to Assert Defenses is contained on the face of each Matured and Unpaid Invoice, which reflects the sum certain amount 306 MLK agreed to pay directly to United Capital in order to satisfy the Matured and Unpaid Invoices.

76.      The 306 MLK Agreements not to Assert Defenses constitutes an enforceable agreement not to asset defenses against United Capital under New Jersey law.

77.      306 MLK is and remains liable to United Capital for all sums due on the Matured and Unpaid Invoices.

78.      United Capital has suffered damages as a result of 306 MLK's breach of the 306 MLK Agreements not to Assert Defenses.

79.      306 MLK owes United Capital the sum of not less than $1,724,514.54 on the Matured and Unpaid Invoices, plus prejudgment interest at the rate prescribed by law.

**WHEREFORE**, Plaintiff United Capital Funding, LLC demands judgment against Defendant 306 MLK Blvd Urban Renewal Company LLC in the amount of at least $1,724,514.54, plus any other amounts owing to EG Munoz, together with prejudgment interest, costs, and such other relief as this Court deems necessary and proper.

**COUNT IV**
**Breach of 306 MLK's Agreement not to Assert**
**Defenses Against United Capital Under UCC Section 9-403**

As authorized by Fed. R. Civ. P. 8(d)(2), in the alternative, United Capital, as the assignee of the right to receive payment, sues 306 MLK under UCC Section 9-403[8] for Breach of the 306 MLK Agreements not to Assert Defenses, and as grounds therefore states as follows:

80.     United Capital realleges and readopts paragraphs 1 through 42 above as if fully realleged herein.

81.     On or about September 24, 2020, 306 MLK received and approved the Matured and Unpaid Invoice numbered 19-0052-16R in the amount of $595,940.60 dated September 24, 2020, via electronic DocuSign signature of 306 MLK's Director of Multifamily and Commercial Development, Michael DeBlasio.

82.     On October 16, 2020, 306 MLK received and approved the Matured and Unpaid Invoice numbered 19-0052-17R in the amount of $375,359.74 dated October 16, 2020, via electronic DocuSign signature of 306 MLK's Director of Multifamily and Commercial Development, Michael DeBlasio.

83.     On November 2, 2020, 306 MLK received and approved the Matured and Unpaid Invoice numbered 19-0052-18R in the amount of $753,214.20 dated October 30, 2020, via

---

[8] N.J. Stat. Ann. § 12A:9-403(f) states "Except as otherwise provided in subsection (d), this section does not displace law other than this chapter which gives effect to an agreement by an account debtor not to assert a claim or defense against an assignee." (bolding added).

electronic DocuSign signature of 306 MLK's Director of Multifamily and Commercial Development, Michael DeBlasio.

84.    DeBlasio on the face of each of the Matured and Unpaid Invoices and based on the language contained therein executed, acknowledged, represented and confirmed to United Capital each of the following with respect to each Matured and Unpaid Invoices:

> All service that is being billed for is completed, correct and the amount due is approved for payment in full by 306 MLK Blvd. Urban Renewal, LLC. I also confirm that there are no disputes, claims of offset or any other matters that reduce our obligation to pay the full amount of the invoice to United Capital Funding Group, LLC.  Assigned and Payable to:
>
> United Capital Funding Group LLC PO Box 31246
> Tampa, FL 33631-3246

(the "**306 MLK Agreements not to Assert Defenses**").

85.    Pursuant to under UCC § 9-403, the 306 MLK Agreements not to Assert Defenses against United Capital, constitutes an enforceable agreement between United Capital, EG Munoz and 306 MLK, in which 306 MLK agreed not to assert claims and/or defenses against United Capital, as the assignee of the Matured and Unpaid Invoices, including any defenses that 306 MLK, as the account debtor may have against EG Munoz, the assignor.

86.    United Capital gave value to EG Munoz within the meaning of UCC Section 3-303, adopted in New Jersey as, 12A:3–303, in exchange for EG Munoz's assignment to United Capital of the right to receive payment due from 306 MLK under the Matured and Unpaid Invoices.

87.    United Capital, in good faith, as assignee was assigned the right to receive payment of the Matured and Unpaid Invoices from EG Munoz, as assignor.

88.    United Capital received the assignment without notice of a claim of a property or possessory right to the Matured and Unpaid Invoices and without notice of a defense or claim in

recoupment of the type that may be asserted against a person entitled to enforce a negotiable instrument under UCC Section 3-305(a).

89.     306 MLK is and remains liable to United Capital for all sums due on the Matured and Unpaid Invoices.

90.     United Capital has suffered damages as a result of 306 MLK's breach of the 306 MLK Agreements not to Assert Defenses.

91.     306 MLK owes United Capital the sum of not less than $1,724,514.54 on the Matured and Unpaid Invoices, plus prejudgment interest at the rate prescribed by law.

**WHEREFORE**, Plaintiff United Capital Funding Group, LLC demands judgment against Defendant 306 MLK Blvd Urban Renewal Company LLC in the amount of at least $1,724,514.54, plus any other amounts owing to EG Munoz, together with prejudgment interest, costs, and such other relief as this Court deems necessary and proper.

## COUNT V
### Negligent Misrepresentation

United Capital sues 306 MLK and DeBlasio, individually, jointly and severally, for Negligent Misrepresentation and, as grounds therefore states as follows:

92.     United Capital realleges and readopts paragraphs 1 through 21 and 29 through 36 above as if fully realleged herein.

93.     On or about September 24, 2020, 306 MLK received and approved the Matured and Unpaid Invoice numbered 19-0052-16R in the amount of $595,940.60 dated September 24, 2020, via electronic DocuSign signature of 306 MLK's Director of Multifamily and Commercial Development, Michael DeBlasio.

94.     On October 16, 2020, 306 MLK received and approved the Matured and Unpaid Invoice numbered 19-0052-17R in the amount of $375,359.74 dated October 16, 2020, via

electronic DocuSign signature of 306 MLK's Director of Multifamily and Commercial Development, Michael DeBlasio.

95.     On November 2, 2020, 306 MLK received and approved the Matured and Unpaid Invoice numbered 19-0052-18R in the amount of $753,214.20 dated October 30, 2020, via electronic DocuSign signature of 306 MLK's Director of Multifamily and Commercial Development, Michael DeBlasio.

96.     DeBlasio on the face of each of the Matured and Unpaid Invoices and based on the language contained therein executed, acknowledged, represented and confirmed to United Capital each of the following with respect to each Matured and Unpaid Invoices:

> All service that is being billed for is completed, correct and the amount due is approved for payment in full by 306 MLK Blvd. Urban Renewal, LLC. I also confirm that there are no disputes, claims of offset or any other matters that reduce our obligation to pay the full amount of the invoice to United Capital Funding Group, LLC.  Assigned and Payable to:
>
> United Capital Funding Group LLC PO Box 31246
> Tampa, FL 33631-3246

(the "**306 MLK Misrepresentations**").

97.     DeBlasio, on behalf of 306 MLK, with authority and/or as 306 MLK's authorized representative or acting within the scope of his duties with 306 MLK, made the 306 MLK Misrepresentations to United Capital.

98.     The 306 MLK Misrepresentations, specifically the statement made by DeBlasio confirming "that there are no disputes, claims of offset or any other matters that reduce our obligation to pay the full amount of the invoice to United Capital Funding Group, LLC," was false due to any one or more of the following that existed at the time of the execution of the 306 MLK Misrepresentations:

        a.   Certain disputes, claims of offset or other matters existed in respect to one, or more, of the Matured and Unpaid Invoices, including, purported claims made by sub-contractors arising from services provided to EG Munoz for the Project, and in respect to which sub-contractors, 306 MLK remitted payment directly to such sub-contracts, instead of paying United Capital, and

        b.   Upon information and belief, 306 MLK has paid directly to EG Munoz all, or some portion of the sums due on the Matured and Unpaid Invoices, instead of paying United Capital.

99.    Article 9 of the Uniform Commercial Code, more specifically §9-406(a), as adopted in New Jersey as N.J.S.A. 12A:9-406, imposed a separate duty on 306 MLK, as the account debtor on accounts, to pay United Capital, the assignee, the amount due on the Matured Unpaid Invoices after 306 MLK received notice of the assignment in order to discharge the obligation due.

100.    United Capital has at no time been a party to the 306 MLK Agreements.

101.    306 MLK's duty to pay United Capital the full amounts due under the Matured and Unpaid Invoices, without offset or reduction, is independent from the promises contained in the 306 MLK Agreements and/or the Construction Services EG Munoz was contracted to perform for the Project.

102.    United Capital justifiably relied on the 306 MLK Misrepresentations.

103.    United Capital was injured as a consequence of relying upon the 306 MLK Misrepresentations made by 306 MLK.

104.    United Capital has been damaged as a direct and proximate result of the 306 MLK Misrepresentations in the amount of at least $1,724,514.54.

**WHEREFORE,** Plaintiff United Capital Funding Group, LLC demands judgment against Defendants 306 MLK Blvd Urban Renewal Company LLC and Michael DeBlasio, individually, jointly and severally, any actual pecuniary losses sustained as a direct result of the negligent misrepresentations in the amount of at least $1,724,514.54, together with prejudgment interest, costs, and such other relief as this Court deems necessary and proper.

**COUNT VI**
**Common Law Fraud**

United Capital sues 306 MLK and DeBlasio, individually, jointly and severally, for Common Law Fraud and, as grounds therefore states as follows:

105.     United Capital realleges and readopts paragraphs 1 through 21 and 29 through 36 above as if fully realleged herein.

106.     On or about September 24, 2020, 306 MLK received and approved the Matured and Unpaid Invoice numbered 19-0052-16R in the amount of $595,940.60 dated September 24, 2020, via electronic DocuSign signature of 306 MLK's Director of Multifamily and Commercial Development, Michael DeBlasio.

107.     On October 16, 2020, 306 MLK received and approved the Matured and Unpaid Invoice numbered 19-0052-17R in the amount of $375,359.74 dated October 16, 2020, via electronic DocuSign signature of 306 MLK's Director of Multifamily and Commercial Development, Michael DeBlasio.

108.     On November 2, 2020, 306 MLK received and approved the Matured and Unpaid Invoice numbered 19-0052-18R in the amount of $753,214.20 dated October 30, 2020, via electronic DocuSign signature of 306 MLK's Director of Multifamily and Commercial Development, Michael DeBlasio.

109.    DeBlasio on the face of each of the Matured and Unpaid Invoices and based on the language contained therein executed, acknowledged, represented and confirmed to United Capital each of the following with respect to each Matured and Unpaid Invoices:

> All service that is being billed for is completed, correct and the amount due is approved for payment in full by 306 MLK Blvd. Urban Renewal, LLC. I also confirm that there are no disputes, claims of offset or any other matters that reduce our obligation to pay the full amount of the invoice to United Capital Funding Group, LLC.  Assigned and Payable to:
>
> United Capital Funding Group LLC PO Box 31246
> Tampa, FL 33631-3246

(the "**306 MLK Misrepresentations**").

110.    The 306 MLK Misrepresentations, specifically the statement confirming "that there are no disputes, claims of offset or any other matters that reduce our obligation to [sic] pay the full amount of the invoice to United Capital Funding Group, LLC," were  material misrepresentations of fact which was false due to any one or more of the following that existed at the time of the execution of the 306 MLK Misrepresentations:

      a.   Certain disputes, claims of offset or other matters existed in respect to one, or more, of the Matured and Unpaid Invoices, including, purported claims made by sub-contractors arising from services provided to EG Munoz for the Project, and in respect to which sub-contractors, 306 MLK remitted payment directly to such sub-contracts, instead of paying United Capital, and

      b.   Upon information and belief, 306 MLK has paid directly to EG Munoz all, or some portion of the sums due on the Matured and Unpaid Invoices, instead of paying United Capital,  and

      a.   306 MLK did not intend to remit payment to United Capital, in full  the amounts due on the Matured and Unpaid Invoices in accordance with the terms.

111.    DeBlasio, on behalf of 306 MLK, with authority and/or as 306 MLK's authorized representative, or acting within the scope of his duties with 306 MLK, made the 306 MLK Misrepresentations to United Capital.

112.    Each of the 306 MLK Misrepresentations made by DeBlasio, on behalf of 306 MLK to United Capital, is independent and extraneous from 306 MLK's promises contained in the 306 MLK Agreements and/or the Construction Services EG Munoz was contracted to perform for the Project, due to 306 MLK having knowingly made the false 306 MLK Misrepresentations of fact and/or having made such 306 MLK Misrepresentation with a reckless disregard of the truth when made.

113.    United Capital has at no time been a party to the 306 MLK Agreements.

114.    306 MLK made the 306 MLK Representations with intent that United Capital would rely upon the 306 MLK Representations.

115.    United Capital reasonably and detrimentally relied on the 306 MLK Representations.

116.    United Capital has been damaged as a direct and proximate result of the 306 MLK Representations.

**WHEREFORE,** Plaintiff United Capital Funding Group, LLC demands judgment against Defendants 306 MLK Blvd Urban Renewal Company LLC and Michael DeBlasio, individually, jointly and severally, any actual pecuniary losses sustained as a direct result of the fraud in the amount of at least $1,724,514.54, together with prejudgment interest, costs, and such other relief as this Court deems necessary and proper.

Dated: February 23, 2021.

Respectfully submitted,

CIARDI CIARDI & ASTIN
Attorneys for United Capital Funding Group, LLC
1905 Spruce Street
Philadelphia, PA 19103
Telephone: (215) 557-3550

BY: _____

      Albert A. Ciardi, III
      Email: aciardi@ciardilaw.com
      Daniel S. Siedman, Esq.
      Email: dsiedman@ciardilaw.com

and

ULLMAN & ULLMAN, P.A.
Crystal Corporate Center
2500 N. Military Trail, Suite 100
Telephone:  (561) 338-3535
MICHAEL W. ULLMAN
Email: michael.ullman@uulaw.net
JARED A. ULLMAN
Email: jared.ullman@uulaw.net
Pending admission Pro Hac Vice